

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-20-2002

# Ramada Franchise Sys v. Pleasant Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3695

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Ramada Franchise Sys v. Pleasant Inc" (2002). *2002 Decisions.* Paper 522.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/522

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-3695

RAMADA FRANCHISE SYSTEMS, INC.

v.

PLEASANT, INC.;
DAVID A. ATEFI, M.D.,

Appellants

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

(District Court No. 99-CV-4181)
District Court Judge: Joseph A. Greenaway, Jr.

Submitted Under Third Circuit LAR 34.1(a)
July 16, 2002

Before: SCIRICA, ALITO, and FUENTES, Circuit Judges.

(Opinion Filed: August 20, 2002)

OPINION OF THE COURT

PER CURIAM:

Appellants Pleasant, Inc. and David Atefi appeal the District Court's grant of summary judgment to Ramada Franchise Systems, Inc. ("Ramada") on the latter's claim for breach of their 1994 licensing agreement to operate a lodging facility in Aiken, South Carolina. We affirm the decision of the District Court in favor of Ramada.

Because we write only for the benefit of the parties, we will omit the factual background. The District Court explained from the bench its reasons for granting summary judgment to Ramada. See App. at 47a-53a. The Court concluded that the key provision in the licensing agreement, which forbade the sale or conveyance of the hotel without Ramada's prior consent, was unambiguous and that Appellants had breached it.

The District Court rejected Appellants' argument that Ramada's negotiation with the buyer constituted the acceptance of Appellants' release from the terms of the licensing agreement. It also rejected Appellants' argument that some terms should be construed as conditions subsequent. The Court found instead that the agreement contained conditions precedent to receiving release and that Appellants had failed to satisfy those conditions.

Lastly, the Court rejected the contention that certain correspondence had modified the terms of the agreement.  The District Court held that Appellants were liable for breach and awarded damages to Ramada, entering an Order to Enter Final Judgment on August 28, 2001.

On appeal, the Appellants renew their contention that they did not breach the transfer provision of the licensing agreement.  They also protest the award of liquidated damages and pre-judgment interest to Ramada.  We exercise plenary review of a grant of summary judgment.  After careful consideration of the arguments raised by Appellants, we find no error in the District Court's conclusions that the transfer provision was unambiguous, that release depended on conditions precedent that were not satisfied, and that correspondence did not alter the agreement's terms.

Therefore, we affirm the District Court's holding that Appellants inexcusably breached their licensing agreement with Ramada.  We likewise uphold the award of liquidated damages and pre-judgment interest to Ramada.